Chief Justice Robertson
delivered the Opinion of the Court.
This appeal is brought to reverse an order, by the County Court of Shelby, admitting to record a piper purporting to be the last will of Sarah Miles, making testamentary disposition of slaves and chattels. And the only'question presented in this Court is, whether—the name of the testatrix not having been subscribed, but appearing only in the body of the testament—proof by the two •subscribing witnesses, that she acknowledged it, in their presence, as her last will, after hearing it read, is sufficient for passing the slaves.
It is settled that, since the statute of 1800 (Stal. Law 1546 ) no document which would not be sufficient for devising land, can be, effectual as a testamentary disposition of a slave.
If testator writes his name in the body of the will, or elsewhere upon the paper, intending that as his signature— not intending to sign at the foot, it is, it seems, a sufficient signing within the statute.
The signing—at the foot, or in any other part of the will—may be done with the testator’s own hand, or by another. The rule is the same in land contracts.
As the Kentucky statute of Wills is a substantial transcript of that of Charles^ the second, the British adjudications on the statute of England, prior to its reenactment here, should be deemed evidence of the effect which our Legislature intended that it should have when adopted; and it seems to have been the well settled judicial doctrine of England, that the writing of the testator’s name by himself, in the body of the will or elsewhere on the same paper, with the design of giving it authenticity, may be such a signing as the statute contemplated, and that the subscription of his name at the bottom, is not necessary, if it appear that, when the will was attested and published, there was no intention thus to subscribe the name. In Lemoyne vs. Stanley (3 Lev. 1.) it was decided, only four years after the enactment of the statute of Charles, that a will beginning—“1 John Stanley,” and not otherwise signed, was sufficient, under the statute, to pass land; and that construction of the act has been since repeat-
edly recognised and applied by the courts of England. Stokes vs. Moore, Doug. 241; Wright vs. Price, 1 Pr. Wms. 771; Hilton vs. King, 3 Lev. 16; Saunderson vs. Jackson, 2 Bos. and Pull. 238; Coles vs. Trecothic, 9 Vez. jr. 249; Vin. Ab. title Devise. N. 7; Roberts on Frauds, 381—2—3; Cruise's Dig. title Dev. Ch. V. page 44—5; Lovelace on Wills, 159; Powell on Devises; Phillips's Ev. Ch. 8. 379; 3 Starkie on Ev. 1683; Com. Dig. title Dev. E. 1. And we know of no decision to the contrary in this Court.
The fact that the testator wrote his own name cannot be material, because the statute only requires that if should be signed by himself or -by some other person with his authority; and it has been often decided, that the mark of an illiterate testator, or his acknowledgment of his signature written by another, may be a sufficient signing in the case of a will, as well as in other analogous cases.
Then it would appear, that the name of the testator, although not written-by himself, nor subscribed to the will, may, if it be written by another person in any part of the will and be acknowledged in the presence of two competent subscribing witnesses, be sufficient for devising land.
The same rule prevails in contracts for the sale oif *3 land under the statute of frauds; and the analogy is so strong that no good reason can be perceived for applying the doctrine to one class and not to the other. It would seem, therefore, that the subscription of the name is not authoritatively considered to be necessary.
A paper which a decedent intended to authenticate as his will, by his signature, will not he valid without it,tho’ amereaccident may hava defeated the in ■ tention. But publication, acknowledgment, and due attestation by witnesses, where there was no intention of signing, is sufficient.
A testatrix requested a neighbor to write her will, which he did,—with her name in the commencement, —“In the name of God, amen, I, S. M.” fyc., and prepared it for her signature.— It was read to her, and she approved it—but had not strength to sign it—but it was published, Sr acknowledged by her, as her will, in presence of two witnesses, who attested it: the will is valid to pass chattels and slaves.
But a proper qualification is laid down in Wright vs. Price, supra, where it is said that, if the testator manifest an intention to subscribe his name, and be prevented by accident or inability, no imperfect act of acknowledgment, ivlvilst he had such intention, will be availing, even though his name be in the body of the instrument. If, however, a testator, either from inability to sign, or from any other cause, acknowledges, as his last will, a document unsubscribed, and which he does not, at the time of acknowledgement, intend to subscribe, it may be a valid will of land or slaves if his name appear in any part of it; and this doctrine has been frequently recognised in the ecclesiastical courts of England. In Martin vs. Watton, in the Prerogative Court of Canterbury, (3 Haggard, 81 and Lec.) a will written by a stranger, containing the name of the testatrix, acknowledged in extremis, and not subscribed by her, because 'sh^vas not then physically able, but which she declared then to be her will, in the presence of subscribing witnesses, was established as a valid testament.
The case now before us is essentially similar to that of Martin vs. Wotton. Mrs. Miles, the testatrix, fell a victim to the cholera, in July, 1833. Before she had been attacked with the fatal disease, she requested an intelligent neighbor to write her will, and instructed him how to write it. He wrote it accordingly; and commencing with “In the name of God, amen, I, Sarah Miles” &c.— ended with “in ratification of which, 1 have hereunto set my hand and affixed my seal” &c.—adding a seal without the name. Thus prepared, it was read to her and approved by her, but was not then either subscribed by her, or attested—however, when afterwards published, being unable to subscribe her name, she acknowledged the paper as her will, in the presence of two witnesses, who attested it in her presence and at her request. From these facts we infer, that her acknowledgement *4 wits full, unconditional and final, without any intention to subscribe her name then or afterwards; but with the wish that the document thus acknowledged, should, as acknowledged, be established as her last will; and therefore, according to a long and unbroken series of adjudged cases, although we may presume that, when the will was written, her name in the beginning was not intended to be her signature, nevertheless, as it was so designed and understood at the time of publication, we feel bound to decide, that it is a sufficient signing of the will within the constructive operation of the statute, and is as effectual as it would have been had it been subscribed, by a stranger and acknowledged by her.
And consequently, there being no reason .to doubt the capacity of the testatrix, or to object to the validity of her will on any other g ound than that of the alleged insufficiency or want of signing, it is the judgment of this Court that the order of the County Court be affirmed.