Judge Hise
delivered the opinion of the Conit.
A paper purporting to be the last will and testament of Alice Duff, dated the 5th of June, 1837, was, upon the evidence of the two subscribing witnesses thereto, Chilton and Wesley Duff, admitted to record by the Barren County Court at its October term, 1843. After making some provision for the education of a youth who lived with the testatrix, named Benjamin D. Lawrence, and making an inconsiderable bequest in his favor, the testatrix gives the residue of her estate, real and personal, to Ewell N. Everett, “for the special benefit of his wife Sally Everett and her heirs.” John Martin, Esq., was appointed executor, but refused to qualify as such, and Edmund Duff was thereupon appointed administrator, with the will annexed. After probate of the will, Sally Everett died, leaving several infant children. In February, 1846, William Allen and others, claiming to be the legal heirs of Alice Duff, deceased, institute their suit in chancery against E. N. Everett, the surviving husband, and the infant children of Sally Everett, deceased, and against Edmund Duff, administrator, with the will annexed, for a settlement and distribution of the estate of Alice Duff, deceased, *372 as though she had died intestate, and to set aside the will referred to. After the case was fully prepared for trial and the usual issue was made up, the questions of fact involved were submitted to ajury, who returned their verdict in fa'.or of the will; and therefore, the Court, after overruling the motion for a new trial, rendered a final decree establishing the will and dismissing the bill of complainants’ with costs. The plaintiffs in error and complainants in the Court below demand a reversal of the decree upon the following grounds:
Decree of Circuit Court,
Grounds relied upon for new irial.
I. That the Circuit Court erred in giving the instructions numbered 2 and 3, at the instance of the defendants, as follows, to-wit:
“ 2d. The Court instruct the jury, that if they believe from the evidence, that the paper in controversy was legally executed by Alice Duff, as her last will; and that she was of sound mind when it was so executed ; that she could not thereafter revoke the same by any parol declax-ation whatever, or by denying that she had a will, or by declax'ing if it was lost or destroyed that she would make no will, or declarations to that effect in substance.
“3d. On motion of defendants, the Court instruct the) jury, that if they believe from the evidence that the paper in controvex’sy, and now produced, was executed as required by law, and that Mx-s. Alice Duff never did direct, or attempt to destroy, annul, or obliterate the same; and when informed that it could not be found when she requested Mrs. Everett to look for it, said in substance if, or as it was lost or destroyed she had no will, and would make none; that such declaration does not revoke the will, provided the jury believe from the evidence it was legally executed.”
It is insisted that these two instructions are erroneous, because of the insertion of the words therein, * legally executed’ and ‘executed as required by law,’ without any further explanation showing precisely how a will can be legally executed; that as they stand, the *373 Court erroneously submitted questions of law to tire jury for their decision.
It is manifest that these instructions Were not framed with the design of informing the jury as to the precise manner of executing a will, as prescribed by the statute of wills, but for the single purpose of presenting a proposition of law undoubtedly correct, pertinent and applicable to the issue before the jury, as the proof shows, to-wit: that upon the fact assumed, that .a will has been once made in conformity to the statute; that such and such speeches -and declarations as those recited in the instructions, or others of like import, do not amount in law to a revocation of such will.
These instructions only presented, as was designed, a proposition of law, which, as stated, is incontrovertibly correct upon the subject of the revocation of the will, and not upon the subject of its legal execution. A state of fact, or a proposition of law, either-, may properly be assumed hypothetically in instructions to a jury, in which they are further instructed, that if the proof convinces them that certain other facts exist, or that although they may believe from the proof that certain acts have taken place, or declarations or speeches ■have been uttered by a party, that such or such legal result would follow, and their finding should be accordingly.
In this case, the Court might well instruct the jury, that a will could not be revoked by such speeches and declarations as those ascribed to the testatrix, and which are stated in the instructions now in question^ though they should believe from the proof that those speeches and declarations were made by her, the pur* pose being to instruct the jury upon a point .of law, not upon the subject of the execution, but upon the subject of what would not effect a legal revocation of a will. Aud surely, in the instance just given such instruction would not be vitiated, but rather improved, if improvement were required, by substituting the expressions, '<i ■valid will,’ or ‘a regularly executed will,' or the 'will in *374 question if regularly executed,’ would or would not be revoked, &C.
If however, the objection to these instructions would be sustainable, in case no others had been given in which the jury were told what was required by law in order to the legal execution of a will, yet the Court below, in the series of instructions given to the jury, gave two, in which they were particularly informed what was inquired by law with respect to the execution of last wills and testaments, to give validity to them, to-, wit: the instructions each numbered I — one given at the instance of complainants, the other at the instance of the defendants. And for this, if for no other reason, the objections urged against the instructions numbered 2 and 3, above quoted, must be regarded as untenable.
II. In the trial of this case, the complainants offered to prove certain declarations and confessions of Ewell N. Everett, the husband of Sally Everett, made subsequent to the date of the will, but before the death of the testatrix, and whilst Sally Everett, his wife, was still living. That portion of the depositions of several witnesses, containing these confessions and declarations ofE. N. Everett, were excluded from the jury, and the correctness of this opinion is questioned by the bill of exceptions. The confessions were pertinent to the issue, and if admissible, may have, to some extent, produced an influence upon the minds of the jury unfavorable to the will and consequently to the interests ,of Everett’s wife, Sally Everett, the principle devisee. After making some inconsiderable provisions in favor of a youth who had lived with testatrix, the will directs that all the rest of the estate, both real and personal, should be delivered by the executors to Ewell N. Everett, for the special benefit of Sally Everett, his wife, and her heirs.
It is contended on one hand, that Ewell N. Everett’s declarations, though calculated, if permitted to go to the jury as evidence, to operate against the will, are *375 not admissible, because he was himself a competent witness at the time of the trial, his wife being then dead; and to receive proof of his declarations, would violate that rule of evidence wnich excludes mere hearsay. But is it true that he was a competent witness at the time of the trial? Certainly not, if he had a direct personal interest in the establishment of the will in question.
A husband óf & devisee of lands and personal estate who has no interest, may be a competent witness to prove the will. But bis deciar aliona made before the death of his wife, are not evidence against the will after the death of the wife.
If the devise in this will creates a separate trust estate in the land, slaves and personalty of testatrix, in favor of Sally Everett and her heirs, and N. E. Everett, as trustee, took nothing more by the will than the naked legal title to the estate, to be held only for the separate use and benefit of Sally Everett; then his attitude would be substantially analagous to that of an executor, being fiduciary merely, and having no greater interest in the general estate, the title of which would be merely vested in him, for the exclusive use of others, than the executor would have, as the personal repre-resentative of the textatrix in the personal estate, the qualified right to which would vest in him for the exclusive use of creditors and legatees. The well settled rule, therefore, under which an executor has been admitted as a competent witness for or against the will in which he is appointed as such, would, upon principle and by analogy, apply to the case of a trustee, appointed by a will as a mere depositary of the legal title to an estate, to be held only for the use and benefit of others; and such trustee would be also a competent witness in a proceeding to establish or annuli the will from which he derives his appointment. And had not Ewell N. Everett been the husband of Sally Everett, the principal devisee in this will, he would have been, as contended, a competent witness, and as such, his declarations would have been inadmissible. But, though as trustee he would be competent, yet, as he also bore the relation of husband to Sally Everett, the cestui que trust for whose special benefit nearly the whole estate, consisting of lands, slaves and personalty, was devised *376 in trust to him, had he or not such a personal interest in the establishment of the will, as should disqualify him as a witness, and render him incompetent at the time of the trial of the cause, his wife having died before that time? Under the will in question, his wife would take an absolute fee simple separate trust estate in all the property devised to her, both real and personal.- If the will be not set aside, Everett would b© entitled, as tenant by the courtesy, to a life estate in the land, the use in which was devised to his wife, (See I Statute Law, 444;) and he would be absolutely entitled to the personal property if reduced to possession, or if held adversely it could be recovered by him as his wife’s administrator and appropriated to his own use. Hence we conclude that, though his wife was then dead, Everett was not a competent witness in favor of this will, at the. time the- cause was tried. But nevertheless, the Circuit Court did not err i,n excluding Everett’s declarations, because they were made, as appears from the depositions in which they are stated, whilst his wife, Sally Everett, was alive, and before the death of testatrix, though subsequent to the date of the will, and when he had no interest whatever.
This Court is not prepared to sanction, as a principle- or rule of evidence, that the declarations of a person 'should be admitted as evidence against a party litigant, merely because they were made at a time when such person could not legally give evidence at all in the cause. The declarations even of a party interest, though a litigant himself, are received in evidence with great distrust, though made understandingly and with the knowledge that such declarations may legally be used in evidence against him. The declarations of Everett were made at a time when nothing that he should or- might sa.y, could be used as evidence for or against the will in question ; because he was then the husband of the principal devisee, and at a time when, even though he had not been the husband of Mrs. Everett, he was no such devisee, and had no such interest under *377 the will as could authorize him by his declarations, be they what they might, to effect thereby injuriously the interest and rights of others under the will. Declarations so made, and when Everett, who made them, had no interest, and knew they could not be used as evidence against his wife, then living, or against the will» should not have been admitted on the trial, merely because then it had become his interest that it should be established by reason of the subsequent death of his wife. This view is not in conflict with the former opinions of this Court, given in the cases of Rogers vs Rogers, 2 B. Monroe 325, and of Beall,&c. vs Cunningham, &c., 1 B. Monroe 401. In those cases, the parties whose declarations against their interest under the wills in contest were decided to be admissible as evidence, were devisees and held important interests under the wills at the time when their declarations were made. Here Everett was a mere trustee; no beneficial interest whatever was devised to him in the will in question, and at the time the said declarations were made by him, his wife was living, and the interest he now takes under the will, by reason of his wife’s death, did not then exist. The Court, therefore, did not err in excluding the evidence of Everett’s confessions, made before Sally Everett’s death.
The Circuit Court refused to give the jury the instruction number 4, asked for by the complainants, and properly, because, even had there been proof in the cause upon which to base i't, yet, without material qualifications, it ought not to have been given. The purport of this instruction is this, that if the paper in contest was subscribed by Everett and- Chilton DufF, or either of them, as subscribing witnesses in the presence of the testatrix, and upon- her acknowledgment that it was her last will, but before she liad subscribed her own name thereto, and that when she afterwards signed the paper, it was only acknowledged by het before one witness, Wesley Duff, that in such case it was not a valid will.
The i)ame of a teslator in the body of a will which he publishes and causes to be witness ed in his presence is a sufficient signing.— If so attested by one witness and subsequ e n t 1y signed and ock-nowledged before another witness, it is aval-id publication: 4. Dana, 1.
The proposition thus presented in respet to the paper in question is not, without an essential qualification su-peradded, in accordance with the well settled principle of law, to the effect, that where the name of a testator is inserted in the body of the will, though not signed otherwise, and is thus acknowledged, with the intent to publish it in that form, as his or her last will and testament, such will would be valid, though acknowledged at different times to the subscribing witnesses, who may wdtness and subscribe the paper as witnesses, in the absence of each other.
The name of the testatrix is inserted in the body of this will, and her signature is also affixed to the bottom thereof; and if acknowledged by her to be her will to Chilton Duff before she signed it, but with the intention at the time of publication to give complete effect to it as her last will and testament without her signature, it is valid, notwithstanding she may have afterwards, at a different time, signed the will and then acknowledged it before another subscribing witness. (See 4 Dana 1 Sarah Mile’s will.)
The' instruction should have been qualified by the addition of the words “provided the testatrix did not intend to give complete effect to the paper as her last will, by such acknowledgment before Everett and Chil-ton Duff, until she should place her signature thereto;”' and containing no such qualification, the instruction ought not to have been given, and was properly refused for that reason; and also, because Chilton Duff proves- positively that testatrix had signed the will at the time he finished writing it, when it was acknowledged before him, and when he subscribed it as a witness. He was the writer of the will and the first witness to it, and it was afterwards, according to uncon-tradicted proof in the causé, that Everett and Wesley Duff heard the acknowledgment of testatrix, and actually attested the will. The proof, therefore, warranted the Court to refuse this instruction, even though the proposition of law therein set forth had been correct. .
Harlan and Lindsey for plaintiffs; Herndon for defendants.
As to the questions of fact presented in the record, of fraud in the procurement of the execution of the will, and in preventing its subsequent intended revocation by the testatrix, their settlement belonged properly to the jury, and from a careful examination of the proof we are not prepared to decide that the verdict of the jury was contrary to the weight of evidence in the cause, or that a new trial was erroneously refused.
Wherefore, the deeree of the Circuit Court is affirmed.