Jmlgo’’titbs
delivered tlie opinion of tlic Court.
On the 18th of July, 1N53, a few months before his death, Thomas Upchurch procured his brother Joseph to write his will, and subscribe his name thereto. On the sanie day, Redman and the two Keetons, Cyrus and Joel, were requested by the testator to subscribe their names as witnesses to said will. The paper was produced by the testator with bis name already subscribed, to which he affixed bis mark, and it was then acknowledged by him, in the presence of Redman and the Keetons, to be his last will and testament. Redman, thereupon, subscribed his name as a witness, but the oiber two not being able to read nor write, requested Joseph Upchurch, the brother, who was a devisee, and by whom the will had boon written, to subscribe their names for them. This lie di 1 in their presence, and they acknowledged their names thus written, and adopted the signatures as their own. This all took place at the, same time and place, and in the presence of the, witnesses an 1 testator, wlm again acknowledged the will to be his.
After the. death of the testator, upon proof of the foregoing facts by the three witnesses, who identified the will an 1 proved the. sanity of the. testator, the will was admitted to probate, by the. County Court..
Upon an appeal to the Circuit Court, the order admitting the will to p-nbato was reversed, and from that ,iu ,lg neat, the devisees have appealed to this court.
Z. The 5th sec. of chapter 10b of the Reused Statutes is in substance a re* enac tm cnt of the statute of 1797, (Statute Law, 15o7>) iu regard to the nttes tali on of wills, under which it was hold “that the a c It n o w 1 c dgment of the will by the tes* tritUP. in the presence of the witne.-ses, tho’ written, and the testator’s name subscribed by another at ¡i different time, was sufficient publication. (Shanks vs. Christopher, 3 Marshall, 1-id, andin Cochran's Wilt Case, 3 Bibb. 491 )
2. Though the statute demands thifc the “witnesses shall sub scribe the will with their names in the presence of the testator, a literal compliance has not been exacted cither under our statute or that of 29 Chirles 2d, under which it lias been held that marksmen were sufficient, find where one witness was un ab'e to rend or write another might write his name and the witness attach his mark. (I Williams on Executors, 79, 3d American edition.)
*112 This case comes under the operation of the Revised Statutes, chap. 106, see. 5, 694, and presents for consideration the sufficiency of the publication of the will, and necessarily the mode and sufficiency of the subscription of the names of the witnesses.
The section referred to is a substantial re-enactment of Ihe act of 1797. (Stat. Laics, 1.537.) its requisitions being similar in import and substance, if not so in phraseology, there is not much difficulty in determining that the acknowledgment of a will by the testator, in the presence of the witnesses, though written and his name subscribed by another at another time, was a sufficient publication. This was held a compliance with the statute in Shanks vs. Christopher, 3 Mar. 144, and in Cochran’s Will Case, 3 Bibb, 491.
But wore the witnesses, whose names were written by another, subscribing witnesses within the meaning and purview of the statute? In the opinion of a majority of this court they were.
The statute demands that the wincsses shall subscribe the will with their names in the presence of the testator.
The same requisition is contained in the statute of 29 Charles 2nd. Yet a literal compliance with its requisitions was not exacted, for it was held that marksmen were sufficient, and that where persons were unable to read or write, their names might be written by others, and marks attached by themselves; and, also, that one witness might hold and guide the hand of another who could not write, 1 Williamson Executors. 79, 3d Am., edr, and in a note subjoined, on the same page, it is said, "that the mark of a witness, though affixed to a wrong surname, was deemed sufficient.”
In every adjudication of this court involving the publication and attestation of wills from Cochran’s Will Case supra down, a substantial rather than a literal compliance with the statute has been demanded ; and if its object and intent were reached with *113 out a violation of its express language, that is all that has been required.
3. The object of the law in requiring subscription, by witnesses, is to insure identity. If the witnesses recognize the paper as the true paper which they attested, this satisfies the requisitions of the statute. (6 Grafton’s Virginia Reports, 57.)
In Swift and Wife vs. Wiley, 1 Ben. Mon., 117, where the question was as to the time when the subscription should be made, and not as to the manner of subscribing, and in which the proper distinction is taken between a subscription and an attestation, it is said that the object of the statute in requiring a subscription is to insure identity, and prevent the fraudulent substitution of another document.
Here the witnesses did not write their names, but they were written for them, at their request and in their presence, and that of the testator and the other subscribing witnesses, and when thus written adopted by them at the same time. Afterwards on the trial, their names were recognized, and the paper identified by them as the one they had attested in the presence of the testator and other witnesses.
This writing of their names by another under such circumstances should, in our opinion, for every purpose contemplated by the law, be regarded as their own act, as much so as if it had been a deed to which they were subscribed, or as if their hands had been held and guided by another.
It furnishes as much assurance of identity as the making of a mark, which, as already shown, has been deemed sufficient by other courts, under a like statute, and the facts disclosed by the witnesses reasonably preclude the possibility of there having been a fraudulent substitution of another paper.
A literal adherence to the words of the statute would operate harshly, and exclude all persons unable to write their names, as witnesses to wills, however worthy of credence. A more liberal construction will as effectually accomplish the ends of the statute, and not violate its language, nor render invalid a paper proved, as we think this is, beyond all reasonable doubt, to be the last will of the testator by the requisite number of witnesses, whose names were subscribed, though by another, in their pre *114 sence and at their request. In this conclusion, we are supported by direct authority in a case arising under the statutes of Virginia respecting wills, where the same mode of authentication is required. (6tk Grattan’s Report, 57.),
We are of opinion, therefore, that the Circuit Court erred in reversing the order of the County Court, admitting the will to probate.
The judgment is reversed, and cause remanded, with directions to the court below to affirm the order of the County Court, and for other necessary orders.