## Weiss et al. v. Hanscom.

October 28, 1947.

Chester D. Adams, Judge.

Yancey & Martin and E. F. Ockerman for appellants.

Allen, Duncan, Duncan & Arnold for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

On the first day of February, 1946, Mrs. Eliza O'Neil touched a pen on a cross-mark made at the end of a typewritten instrument which purports to be her last will and testament. The cross-mark was made by a person whose identity is not disclosed in the record, but who is referred to in the evidence as "Miss Mary." The marking and the touching of the pen were enacted before two witnesses, one of whom, at the request of the testatrix, subscribed her name as an attesting wit-

ness, and the other, who was not requested by the testatrix, but by "Miss Mary," subscribed her name as an attesting witness. The testatrix' name was not placed on the instrument until March 14, 1946. At that time one of the attesting witnesses was requested by Mrs. O'Neil's daughter to write Mrs. O'Neil's name "around" the mark. The witness complied with the request, but this was not done in the presence of Mrs. O'Neil and, so far as we are able to determine, it was without her knowledge or consent, and certainly not at her direction. The testatrix died March 16, 1946. The instrument thereafter was admitted to probate by the County Court; but the order probating the will was reversed upon appeal to the Circuit Court; whereupon this appeal from the Circuit Court's judgment was prosecuted.

KRS 394.040 reads:

"No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

This Statute requires the name of the testator to be subscribed to a will, either by himself, or by some other person in his presence and by his direction; and where, as here, the will is not wholly written by the testator, the subscription of the testator's name must be made in the presence of at least two credible witnesses, or the will must be acknowledged by the testator in the presence of at least two credible witnesses; and in either event the witnesses shall subscribe the will with their names in the presence of the testator. It is admitted that the will was not acknowledged by the testatrix; but appellants contend that touching the pen to the mark, although the testatrix' name was not affixed to the instrument, was a substantial compliance with the Statute. They rely on Upchurch v. Upchurch, 55 Ky. 102, 16 B. Mon. 102; Garnett v. Foston, 122 Ky. 195, 91 S. W. 668, 28 Ky. Law Rep. 1119, 121 Am. St. Rep. 456; Reed v. Hendrix's Ex'r, 180 Ky. 57, 201 S.

W. 482, L. R. A. 1918E 423; and Singleton v. Singleton, 269 Ky. 330, 107 S. W. 2d 273.

At the outset it is well to observe that, in determining the validity of the execution of wills, we are committed to the rule of construction of statutes in general, viz., that a substantial compliance with the provisions of the Statute will be sufficient to uphold the validity of the execution of a will. Soward v. Soward, 62 Ky. 126, 1 Duv. 126; Porter v. Ford, 82 Ky. 191, 6 Ky. Law Rep. 60; In re Miles' Will, 34 Ky. 1, 4 Dana 1; Flood v. Pragoff, 79 Ky. 607, 3 Ky. Law Rep. 372; Upchurch v. Upchurch, supra; and Garnett v. Foston, supra. But procedure which violates a mandatory provision can not be deemed to be in substantial compliance with the Statute.

We will now consider the opinions, supra, relied on in support of appellants' contention. In the Upchurch case the will was written by the testator's brother, and the testator's name was inscribed on the instrument by the brother out of the presence of the testator. Thereafter the paper was produced to the testator, who affixed his mark to his name and acknowledged it as his signature before the required number of witnesses. The Court held that the Statute had been substantially complied with. In the Garnett case the will was written wholly by another, not in testator's presence, and before being presented to the testator his name was affixed to the will. When presented to the testator the will was read to him and he affixed his mark and acknowledged the will in the presence of the required number of witnesses. Again it was held that the Statute had been substantially complied with. In the Reed case the will was prepared by another out of the presence of the testatrix, whose real name was "Nancy Wilson Hendrix," but who lived with Mrs. Lucy Whaley. The draftsman of the will recorded the testatrix' name correctly in the body of the will, but, apparently confused because the will was executed at the home of Mrs. Whaley, in writing her name at the end of the will, which was done in the presence of the testatrix, the draftsman inadvertently wrote the name "Nancy Wilson Whaley." The testatrix subscribed her name by making her mark and acknowledging the signature and the will before and in the presence of the required number of attesting

witnesses. The Court held that the Statute had been substantially complied with. In the Singleton case the testator subscribed his name to the will by making a mark in the presence of the required number of attesting witnesses. The opinion does not show that the name of the testator was inscribed on the will at the place the mark was made, but the record does. The Court upheld the validity of the execution of the will. In the first two cases the name of the testator was inscribed on the will out of his presence; in the Reed case the name was inscribed on the will in the presence of the testatrix; in the Singleton case it does not appear whether the name was inscribed in or out of the presence of the testator. But in each of the cases, as hereinafter will be pointed out, the testator subscribed his name in accordance with the provisions of the Statute.

We must bear in mind that there is a distinction between the meaning of the words ''inscribe'' and ''subscribe;'' although the authors of the Upchurch and Garnett opinions erroneously used the word ''subscribe'' for ''inscribe.'' To inscribe means to write or engrave; to subscribe means to give consent to something written by signing. Webster's New International Dictionary. The Statute does not provide how the name of a testator shall be inscribed on a will; it merely provides that the name shall be subscribed to in the manner therein set out. A testator may subscribe his name to a will by making his own inscription, by making a mark to his name which has been inscribed by another, or by directing another to sign his name in his presence.

In Reed v. Hendrix's Ex'r, supra, the author of the opinion cites many cases in support of various declarations in respect to the validity of signatures of testators. Abstracting some of the principles enunciated in that opinion from the context and question presented, the reader may be misled as to the decision arrived at. As an example, the author of the opinion said (180 Ky 57, 201 S. W. 485):

''As a general rule the use of any signature intended by the testator to authenticate the instrument will suffice as a signature by the testator. In fact, it is not even necessary that a name be signed; any mark or character intended as a signature is sufficient.''

He then cites Upchurch v. Upchurch, supra, and Garnett v. Foston, supra, as authority for that statement. Neither of those cases supports the breadth of the declaration, "it is not even necessary that a name be signed." The cases would have supported the statement, which we consider to be sound, that it is not necessary that the name of the testator be signed by him. The Statute requires the name of the testator to be subscribed by him. When no name is inscribed, it is impossible for the testator to subscribe to it. We are of the opinion the Court correctly reversed the County Court's order probating the will.

The judgment is affirmed.