# Darnaby et al. v. Halley's Ex'r et al.

December 12, 1947.
Rehearing denied February 27, 1948.

Wm. J. Baxter, Judge.

Redwine & Redwine, J. C. McKnight and Harvey T. Lisle for appellants.

Rodney Haggard for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

The sole question presented on this appeal is whether or not the will of T. J. Halley was executed in conformity with KRS 394.040. The county court refused to probate the paper and the executor appealed to the circuit court. There, after the executor had introduced his proof relative to the execution of the will, the heirs of testator moved the court to direct a verdict that the

paper had not been duly executed. This motion was overruled and the heirs declined to introduce proof, whereupon the court peremptorily instructed the jury to find in favor of the will. This appeal followed.

Mr. Halley died a resident of Clark County on Oct. 19, 1945. After disposing of his property, testator concluded his will in this manner:

"In Testimony Whereof, being unable to see well enough to sign my name, because of cataracts, I have requested D. B. Scobee, to sign my name for me, this 14th day of September, 1945.

T. J.  x  Halley
By: D. B. Scobee

We have witnessed D. B. Scobee sign the name of T. J. Halley to this instrument, after hearing the said T. J. Halley request the said D. B. Scobee to do so, and in the presence of the said T. J. Halley and the said D. B. Scobee and of each other, we have heard T. J. Halley acknowledge this instrument as and for his last will and testament, and we have subscribed our names as attesting witnesses in his presence and at his request, and in the presence of each other, this 14th day of September, 1945.

Robert B. S. Ishmael
Winchester, Kentucky
Gus Aldridge
Winchester, Kentucky."

The proof shows that Mr. Russell Grant, a member of the Clark County Bar, was called to Mr. Halley's home in Winchester to write his will. He informed the attorney what disposition he desired to make of his property and that he wanted the instrument witnessed by three friends; D. B. Scobee, Dr. R. B. S. Ishmael and Gus Aldridge. The attorney returned to his office with the information given him by testator, wrote the will and delivered it to Mr. Scobee, as testator had instructed.

Scobee took the will to Halley's home, read it to him and when Halley approved it, Scobee signed testator's name thereto, whereupon Halley made his mark and then Scobee signed his own name to the paper. In describing the execution of the will, Scobee testified: "*

\* \* I asked him if he wanted me to witness this will and he said he did. I signed his mark and I witnessed the will." \* \* \*

"Q. Well, why did you put your name down there? A. .Well, I aimed to witness this will.

"Q. And that was your intention? A. Yes, I intended to do it and did do it."

It is expressly provided in KRS 394.040 that a testator's name may be subscribed to a will by himself or by another in his presence and by his direction, and we have so decided. Harned v. Wise, 185 Ky. 60, 214 S. W. 813. Indeed, appellants do not question the signature of testator, but insist that it was not witnessed as provided by statute. They argue that Scobee signed the instrument only to attest Halley's mark.

In Love v. Gibbs, 273 Ky. 775, 117 S. W. 2d 987, we approved the rule as stated in Page on Wills (2d Ed. Vol. 1) sec. 343, p. 549, to the effect that one who signs his name to a will is not a subscribing witness unless he signs with that intention. Where one subscribes testator's name and adds his own name to indicate that it was he who wrote testator's name, he will not be regarded as a witness to the will unless the facts and circumstances show that he signed as a subscribing witness and not only as an amanuensis. In the Love opinion it was said that the attesting clause shows that one Cox signed with the dual intention to serve both as witness and as scrivener.

In the instant case, the attesting clause written by the attorney who drafted the will does not show that Scobee signed as a subscribing witness; on the other hand, it indicates he inscribed his name to show that it was he who signed testator's name to the paper. But the attesting clause is not conclusive. It was prepared in advance of the actual signing of the will and in effect was but a direction in writing to the witnesses as to how the will should be executed. The attesting clause cannot overcome the facts which actually happened in the attestation of the will, as testified by the witnesses. The above quoted testimony of Scobee is plain and direct and clearly shows that he signed with the dual intention to serve both as witness and scrivener, as we said in the Love case, 273 Ky. 775, 117 S. W. 2d 987.

His testimony was sufficiently clear and convincing to outweigh the attesting clause.

When Scobee left Halley's home after witnessing the will, he took that instrument with him and sent it to Dr. Ishmael by Harry Lisle. The Doctor and Mr. Lisle then took the will to Halley's home where Dr. Ishmael asked Mr. Halley if the paper was his will, to which he replied it was and he wanted the Doctor to witness it. Thereupon, Ishmael signed his name to the paper in the presence of testator as a subscribing witness. Mr. Lisle's testimony fully corroborates that of Dr. Ishmael, and there is no doubt in our minds that the testator acknowledged to Dr. Ishmael the paper was his will, and the Doctor signed his name thereto as a subscribing witness in the presence of testator.

A close reading of the statute (KRS 394.040) will reveal it is not necessary that the two subscribing witnesses shall sign in the presence of each other. All it requires is that they shall sign in the presence of testator. Nor is it necessary that the testator sign in the presence of the two witnesses. It is sufficient if he acknowledges the paper as his will in their presence subsequent to signing it. Or, as here, he may sign in the presence of one witness and acknowledge the will in the presence of the other witness. The statute reads: "No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

It was written in Northcutt v. Patterson, 233 Ky. 23, 24 S. W. 2d 902, that although the witnesses to a will must subscribe their names thereto in the presence of testator, it is not required by the statute that they sign in the presence of each other. Nor does the statute require that the testator acknowledge the will in the presence of two witnesses at the same time and place, Grubbs v. Marshall, 13 S. W. 447, 11 Ky. Law Rep. 870. It only requires the testator to sign or to acknowledge the will in the presence of two witnesses.

It is the familiar rule that a substantial compliance with the statute will uphold the execution of a will. But where there is a violation of a mandatory provision there is no substantial compliance with KRS 394.040. Weiss v. Hanscom, 305 Ky. 687, 205 S. W. 2d 485. The facts in the instant case clearly distinguish it from the Weiss opinion.

It is not necessary to discuss the question of whether or not Gus Aldridge signed his name as a witness in the presence of testator, since only two attesting witnesses are required by KRS 394.040. And in this instance Scobee and Ishmael witnessed the will, as pointed out above. However, we might say that the record shows that Mr. Aldridge not only failed to subscribe his name to the paper in the presence of testator, but he never signed it at all. Aldridge's name was signed thereto by his wife some three-fourths of a mile from the presence of testator.

The judgment is affirmed.