Katie Beth BENNETT, Appellant,

v.

Bethane DITTO and Ruth Warmser, Appellees.

No. 2005–CA–001823–MR.

Court of Appeals of Kentucky.

Sept. 29, 2006.

J. Key Schoen, Sales, Tillman, Wallbaum Catlett & Satterley, PLLC, Louisville, KY, for Appellant.

Steven R. Crebessa, Brandenburg, KY, for Appellees.

Before TAYLOR, Judge; BUCKINGHAM,[1] Senior Judge; MILLER,[2] Special Judge.

## OPINION

TAYLOR, Judge.

Katie Beth Bennett, as a beneficiary under the will of Donna H. Wiseman, deceased, presents a novel issue in this appeal as to whether Wiseman's alleged signature on her holographic will complies with the statutory mandates of Kentucky Revised Statutes (KRS) 394.040 and KRS 446.060. Bennett appeals from an August 1, 2005, opinion and order of the Meade Circuit Court holding that the Meade District Court erroneously admitted into probate Wiseman's holographic will. We reverse.

Wiseman died on July 28, 2002, a resident of Meade County, Kentucky. On September 3, 2002, a document purporting to be the holographic will of Wiseman was offered for probate in the Meade District Court. The will was subsequently probated by the Meade District Court by order entered August 28, 2002. On May 10, 2004, Bethane Ditto and Ruth Warmser (collectively referred to as appellees) filed a complaint in the Meade Circuit Court alleging that Wiseman's will was improperly admitted for probate. KRS 394.240. Ditto and Warmser specifically alleged the will was not properly signed by Wiseman. The Meade Circuit Court ultimately agreed. The circuit court determined that Wiseman had not subscribed her name to the will as required by KRS 394.040 and that the subscription was not sufficiently at the end or close of the writing of the will as required by KRS 446.060. Thus, the circuit court held that Wiseman's will was improperly admitted into probate. This appeal follows.

Bennett contends that Wiseman's will was properly admitted for probate. Specifically, Bennett argues that Wiseman properly subscribed her name to the will in compliance with KRS 394.040 and such subscription was sufficiently at the end or at the close of the writing to comply with KRS 446.060.[3]

In this appeal, two distinct legal issues are presented for adjudication: (1) whether Wiseman's signature complies with the

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

2. Retired Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution.

3. We note that there is no issue or dispute before the Court of Appeals that the will was not wholly written by Donna H. Wiseman, as the parties stipulated the will was written entirely in Wiseman's handwriting.

mandates of KRS 394.040, and (2) if so, whether the signature was sufficiently at the end or at the close of the will as required by KRS 446.060. We shall address these issues *seriatim.*

KRS 394.040 reads:

No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two (2) credible witnesses, who shall subscribe the will with their names in the presence of the testator, and in the presence of each other.

It is well-established that construction and interpretation of a statute is a matter of law for the court. *City of Worthington Hills v. Worthington Fire Protection District,* 140 S.W.3d 584 (Ky.App.2004). KRS 394.040 clearly requires a testatrix to "suscribe" her name to a will. Our courts have interpreted the term "suscribe" as meaning "to give consent to something written by signing." *Weiss v. Hanscom,* 305 Ky. 687, 205 S.W.2d 485, 487 (1947).

■ In Wiseman's will, her purported signature was contained in the following sentence: "This was written by Donna H Wiseman on June 9, 2002." In this sentence, Wiseman plainly and unmistakably acknowledged that she wrote the will and consented to its terms. Wiseman's name is clearly written in the same handwriting as found in the body of the will. Absent the words "This was written," we do not believe it could be disputed that the remaining words of the sentence would constitute Wiseman's signature.[4] Under the

recognized common-law definition of "subscribe" as set forth in *Weiss,* we believe Wiseman's name was subscribed to the will within the meaning of KRS 394.040. *See Weiss,* 305 Ky. 687, 205 S.W.2d 485. Accordingly, we hold Wiseman's will was properly subscribed in accordance with KRS 394.040.

■ We now turn to whether Wiseman's signature was subscribed at the end or at the close of the instrument as required by KRS 446.060(1), which states:

When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end or close of the writing.

■ Generally, a will is deemed signed at the end or at the close if the clauses following the testatrix's signature are neither dispositive of the estate nor essential to the validity of the will. *Lucas v. Brown,* 187 Ky. 502, 219 S.W. 796 (1920)(holding that a will was signed at the end where the clauses following the signature were not dispositive) and *Ward v. Putnam,* 119 Ky. 889, 85 S.W. 179, 27 Ky. L. Rptr. 367 (1905)(holding that a signature was at the close of the will where the clauses following the signature were unessential to the will's validity).

In the case *sub judice,* the last paragraph of Wiseman's will appeared as follows:

This was written by Donna H Wiseman on June 9, 2002. Would like to appoint John Hisler executrix.

Wittenessed by:

Sr. Teresa Aquilina

Sr. Lydia Falzon

---

4. Effectively, the will had a "by" line for signature and dating. This type of signature is common place in legal documents routinely prepared by attorneys. We can find no legal authority that would prohibit this format in a will, even a holographic will.

Close examination of the will reveals that Wiseman's signature is followed by three items: (1) the date of her signature, (2) the clause appointing an executrix, and (3) the signature of two witnesses.

As to the date following Wiseman's signature, the highest Court of Kentucky has held that a date following a testator's signature did not violate the statutory requirement that a will be signed at the end because the date was not essential to the will's validity. *Flood v. Pragoff*, 3 Ky. L. Rptr. 372, 79 Ky. 607 (1881). Moreover, our highest Court also held appointment of an executor after the testator's signature did not violate the statutory requirement that the will be signed at the end because such appointment was not essential to the will's validity. *Ward v. Putnam*, 119 Ky. 889, 85 S.W. 179, 27 Ky. L. Rptr. 367 (1905). We consider *Flood* and *Ward* to be dispositive upon these issues. Hence, we believe the date and the appointment of an executor following Wiseman's signature did not violate the requirement of KRS 446.060 that the will be signed at the end or at the close.

We also regard the signatures of the witnesses following Wiseman's signature as nonessential to the will's validity and nondispositive of testrix's estate. Wiseman's will is entirely in her own handwriting; consequently, the presence of the witnesses' signatures is unnecessary to the will's validity under KRS 394.040. Additionally, it is apparent the signatures of the witnesses are nondispositive clauses. As the witnessess' signatures are neither dispositive nor essential, we conclude the signatures of the witnesses following Wiseman's signature does not violate the requirement of KRS 446.060 that the will be signed at the end or at the close.

In sum, we hold that Wiseman's will was properly admitted into probate by the district court and that the circuit court erred as a matter of law in concluding otherwise.

For the foregoing reasons, the order of the Meade Circuit Court is reversed.

MILLER, Special Judge, concurs.

BUCKINGHAM, Senior Judge, concurs and files separate opinion.

BUCKINGHAM, Senior Judge, concurring.

I concur with the majority, but I desire to write separately to express my view that our holding herein should be strictly confined to the specific facts of this case. In my view, the statute would not ordinarily be satisfied by a sentence that includes the testator's name. In this case, however, I believe it was.