CASE 81—CONTESTED WILL—FEBRUARY 4.

# Sharp, &c., v. Wallace, &c.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

AN UNATTESTED CODICIL, although wholly in the handwriting of the testator, can not bring into operation as a will a paper which is neither in the handwriting of the testator nor attested as required by the statute.

Sharp, &c., v. Wallace, &c.

ELLIOTT AND HEMINGRAY FOR APPELLANTS.

(Brief not in record.)

KOHN AND BARKER FOR APPELLEES.

1. In the absence of a motion for a new trial the court can consider nothing except the sufficiency of the petition. (Helm v. Coffey, 80 Ky., 776; Lynch v. Stapleton, 4 Ky. Law Rep., 985; Arstman v. Thoma (Superior Ct.), *Ibid*, 430.)

2. The codicil and the original will are to be considered together as one instrument, and as this instrument is neither wholly in the handwriting of the testator nor attested by witnesses, it can not be admitted to probate as a will. (Gen. Stats., chap. 113, sec. 5; Beall v. Cunningham, 3 B. M., 390; Armstrong v. Armstrong, 14 B. M., 273; Williams on Executors, vol. 1, page 179.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The paper in contest in this case purports to be the will of Evelina J. Sharp, is dated January —, 1867, and subscribed by her; but though, formally stated in the attestation clause above her signature to have been done, it never was, in fact, either subscribed or acknowledged by her in the presence of attesting witnesses, nor was it wholly written by her. It, therefore, manifestly has no independent efficacy as her will.

But it appears that subsequently she wrote on the same sheet of paper, and subscribed what was evidently intended by her as a codicil to the instrument mentioned, and to which she refers in the following words: "Codicil, August 31, 1870. After examining this will, I wish to add in my own handwriting the following codicil." She then proceeds in the codicil to direct that a certain farm in the State of Missouri be rented and improved ten years before it is sold, and divided among her heirs, to make a conditional gift to a church, and to provide that

any child or grandchild who may oppose any settlement made by her as executrix of her deceased husband, or institute suit against her or her sureties under the pretext of getting his rights, shall receive five dollars only of her estate.

The question presented to us for consideration is, whether the instrument purporting to be a codicil, which was wholly written and subscribed by her, and, therefore, itself executed in one of the modes prescribed by the General Statutes, has the effect to set up and give validity to the paper dated January, 1867.

Clearly the reference made in the codicil to the preceding instrument is definite and certain enough to identify it. It must be also admitted that she intended the two as her will, and believed they would be valid as such; and if the codicil had been subscribed or acknowledged by her in the presence of two credible witnesses, who subscribed their names thereto in her presence, it would, according to the construction heretofore given to the statute of wills by this court, have had the effect to give validity to the preceding unfinished instrument as her will; for that question was thoroughly considered in the case of Beal v. Cunningham, 3 B. M., 390, and may be now regarded settled.

In that case the following language was used:

"A codicil is a part of the will to which it is attached or refers, and both must be taken and construed together as one instrument. The codicil recognizes the existence of the original, changing it in part and affirming it in those parts in which it is

not altered; and hence it has been well established that a codicil executed with the solemnities required by the statute for passing lands is a republication of a will, *and both taken together make but one will*, and that such republication will have the effect to pass lands acquired after the date of the will, but before the date of the codicil, or to revise and give force and operation to a revoked will."

It was contended by counsel in that case, that though a codicil duly executed might operate as a republication of a revoked will which had been duly executed, it could not have the effect to bring into operation as a will a paper which had never been signed or executed as such. But said the court: "We can see no difference in principle in the cases. * * * If the codicil can so ingraft itself upon and draw within its operative influence a revoked will as to amount to a republication, we can not perceive why it may not ingraft itself upon and draw within its operative influence any instrument which the testator may treat as his will, so as to amount to a republication of the whole as his will."

In Davis's Heirs v. Taul, 6 Dana, 51, it was held that when a codicil operates as a republication of the will, the whole is to be construed together as if the will had been *then* written and executed." And in Armstrong v. Armstrong, 14 B. M., 333, the court said: "A codicil is in legal effect a republication of a will, and the whole is to be construed together as if the will had been executed at the date of the codicil."

It will be perceived that in case of the republica-

tion of a revoked will in virtue of a codicil, the two are to be construed together, as if the will had been executed at the date of the codicil, and where the preceding instrument has never been completed, it and the codicil, which has the effect to give it validity that it never before had, must be taken together and make but one will, not merely for the purpose of construction but as to their execution; and it seems to us such must be the logical and necessary result of imparting to the codicil the legal effect of making valid as a will an instrument having no efficacy without.

But section 5, chapter 113, General Statutes, provides that "no will shall be valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence, or by his direction, and, moreover, *if not wholly written by the testator*, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the witnesses."

The object of the statute providing the manner in which a will shall be executed to render it valid is to insure identity and prevent imposition and fraud. And though a substantial compliance with it is all that is required, no court is authorized to admit to probate an instrument as the last will of a deceased person in violation of its express language, however well founded may be the belief it was intended by him as his will.

Taking the codicil and perceding unfinished in-

strument together as but one will, as it seems to us we are bound to do, it was not executed in either of the modes required by the statute, not having been wholly written by the testatrix, nor subscribed or acknowledged by her in the presence of attesting witnesses.

It is true a document may, for the purpose of identification of an object or person mentioned in a will, or to elucidate and explain the intention of a testator, be referred to and made part thereof; but we are unable to perceive how any instrument, testamentary in its character, but not fully and properly executed as a will, can be made efficacious as such under our statute by mere reference in a codicil not itself subscribed or acknowledged before attesting witnesses.

We are, therefore, constrained to decide that the two instruments before us were not executed in compliance with the statute, and can not, without violating it, be admitted to probate as the will of Evelina J. Sharp.

Judgment affirmed.