## Farmers Bank & Trust Company, Executor, et al. v. Harding, et al.

(Decided March 27, 1925.)

### Appeal from Henderson Circuit Court.

1. Wills—Invalid Will may be Validated by Execution of Valid Codicil.—Invalid will may be validated by execution of valid codicil.
2. Wills—Revoked Will May be Revived by Valid Codicil.—Under Ky. Stats., sections 4833, 4834, will which has been revoked may be revived by valid codicil.
3. Wills—Proof of Execution of Codicil May be Sufficient to Probate Entire Instrument.—In some instances proof of execution of codicil may be sufficient to probate entire instrument.
4. Trial—Verdict Set Aside if Instructions are Disregarded, though Verdict be Correct and Instructions Erroneous.—Verdict will be set aside if the jury has disregarded the instructions even though they were erroneous and the verdict was correct.

5. Wills—Instruction, Not Permitting Jury to Find for or Against Constituent Parts of Codicil to Will, Erroneous.—In contest of probate of will and codicil thereto, instruction, not permitting jury to separate the codicil into its constituent parts and find for or against any part thereof, held erroneous.

6. Wills—Ambiguous Verdict Finding Against Will, but for Codicil, Construed in Accordance with Instructions.—Where jury found against will on basis of undue influence, but for codicil which was divided in two parts, one ratifying will and one making original devise, verdict would be construed as finding only for devise, in view of erroneous instruction not permitting parts of codicil to be separated; it being clear that jury would not find against will and at same time find it was legally ratified.

7. Trial—Instruction Held Not Cured by Others.—Instruction, which did not permit jury to find for or against constituent parts of codicil to will, held not cured by another instruction which referred to codicil as unit without any separation into constituent parts.

8. Wills—Propounders Entitled to New Trial, where Ambiguous Verdict was Rendered Under Erroneous Instructions.—In contest on will where verdict of jury was based on erroneous instructions not permitting separation of instruments into constituent parts and denied will, while upholding codicil which affirmed will in part, and in part created no devise, propounders, while not entitled to judgment probating entire instrument, were entitled to new trial before properly instructed jury.

9. Wills—Devise in Codicil, Upheld by Judgment Not Appealed from, Not Affected by Grant of New Trial.—Devise in codicil held not affected by grant of new trial as to issue of validating will, where judgment upholding such devise was not appealed from.

10. Wills—Instruction as to "Undue Influence" Held Erroneous.—In contest of will, instruction failing to include in definition of "undue influence" the idea that it must be present and operative on mind of deceased at time of execution of papers in contest held erroneous.

J. L. DORSEY, JR., Y. CLAY and E. L. McDONALD for appellant.

JOHN C. WORSHAM for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

On June 30th, 1920, Charles L. Harding executed a paper purporting to be his will, and on July 16th a codicil thereto, both of which were properly witnessed. His death occurred July 26th, 1920. These papers were probated in the county court as his last will. In a contest in the circuit court the codicil was upheld and the original paper rejected.

For brevity reference will be made to C. L. Harding as the "testator" and to these papers as the "will" and "codicil."

Testator was a bachelor, 47 years of age. He had three brothers, Dan, Albert and W. J. Harding, and one sister, Mrs. Florence Chapman.

In the will the entire net estate was devised in trust for the use of Mrs. Chapman, Dan and Albert Harding, with the remainder in the share of each to his children. William and his children were disinherited. It states in explanation of this that the testator had already given William various amounts aggregating over $20,000.00, setting out a number of specific items, and that this is a full, equal, one-fourth interest in his estate.

The codicil devised $2,000.00 to Miss Lillian Metz, a trained nurse who had been in constant attendance upon testator for several months, there being no other devise.

Aside from that devise these words appear:

"CODICIL.

"I, C. L. Harding of Henderson county, Ky., do hereby make, publish and declare this codicil to my last will and testament, dated this 16th day of July, 1920, viz. .   .   .   :

"I hereby ratify and confirm my said will in all other respects.

"In witness whereof I have hereunto set my hand to this the codicil to my last will and testament on the 16th day of July, 1920."

The testator had executed prior wills but the codicil is written with pen and ink upon the paper of the will of June 30th, 1920, so that there can be no question that it is the one he seeks to ratify.

It appears that the statement in the will that testator had already given W. J. Harding various amounts aggregating $20,000.00 was untrue as to practically every item mentioned, but that, on the contrary, while he had made presents to William and his family, he had received from William more pecuniary favors than he had bestowed.

The two were partners for a long time and intimately associated; Charles had lived in William's house as a member of his family without the payment of board, and

in his last illness the same hospitality was extended to his nurse, Miss Metz, and he was devotedly attached to each of them, much more so than he was to any of his other relatives, and he manifested this in former wills introduced in evidence.

Aside from this there was sufficient evidence of undue influence and lack of testamentary capacity existing at the time of the execution of each paper to submit those issues to the jury.

Instructions one, two, three and five given by the court are in these words:

(1) "You will find the will, including the codicil read in evidence, to be the will of C. L. Harding, unless you believe from the evidence that the said C. L. Harding was, at the time of the execution thereof, of unsound mind, or the execution of said papers procured by undue influence.

(2) "That soundness of mind, in the connection of making a will, means the possession of such mentality as enables one making a will to know his estate, its character, value and extent, to know the natural objects of his bounty and his duty to them, to make a rational survey of his estate, and to dispose of it according to a fixed purpose of his own.

(3) "That, by undue influence is meant, influence obtained by flattery, importunity, threats, or some other mode by which a dominion is acquired over the will of the testator, destroying his free agency or constrain him to do against his will what he is unable to refuse."

(4) ". . .

(5) "That the jury may find both papers, the will and the codicil, or the will or codicil, to be or not to be the will of the said C. L. Harding, as they may believe from the evidence under the foregoing instructions."

The other instructions are not material here.

The verdict of the jury reads:

"We, the jury, find the will in question not to be the will of the said C. L. Harding, but find the codicil attached to be his will."

At the rendition of the verdict the propounders moved the court to probate both papers as the will of C. L. Harding. This was overruled and they excepted. Thereupon the court adjudged ". . . . that the will of C. L. Harding, deceased, dated June 30, 1920, . . . is not the last will and testament of said C. L. Harding, but that the codicil to said will of date July 16, 1920, . . . is the last will and testament of the said C. L. Harding."

They excepted to this order, and their motion for a new trial being overruled they have appealed. Contestants were satisfied with the result and did not pray a cross-appeal.

It is argued that in returning a verdict upholding the codicil the jury necessarily found that at the time of the execution of the latter paper C. L. Harding, was of sound mind and free from undue influence; that as the codicil expressly ratifies the former paper a finding in favor of the codicil validates the entire instrument, regardless of any infirmity that may have existed in the former at the time of its execution. Therefore, so much of the verdict as finds against the original will is a nullity and should disregarded. If such is the meaning of the verdict and if it is based upon proper instructions the conclusion seems sound.

It is well established that an instrument invalid as a will may be given life or republished and validated by the execution of a valid codicil. Beal v. Cunningham, 3 B.-M. 390; Davis v. Taul, 6 Dana 51; Armstrong v. Armstrong, 14 B. M. 269; Sharp v. Wallace, 83 Ky. 584. A testamentary paper executed by an intoxicated person may be validated by a codicil duly executed when he is sober. Cook v. White, 167 N. Y. 588; and such instrument executed by a person of unsound mind may be republished by a codicil when he is of sound mind. Brown v. Riggen, 94 Ill. 560; Stevens v. Meyers, 62 Ore. 372; Taft v. Stearns, 125 N. E. 570. The same principle is applied when the will is procured by undue influence if ratified by a valid codicil in the absence of such influence. Taft v. Stearns, *supra;* Campbell v. Barreca (Tex.), 32 S. W. 724.

By our statutes a will may be revoked or a revoked will revived by a valid codicil. Sections 4833 and 4834, Kentucky Statutes. And such seems to be the general trend of the law in the absence of statute. Indeed, in

some instances proof of the execution of the codicil may be sufficient to probate the entire instrument. Beal v. Cunningham, *supra;* Hobart v. Hobart, 154 Ill. 610; Hill v. Kehr, 228 Ill. 204. See also 28 R. C. L., pages 197-201.

The legal principle seems clear enough, but the question turns on the meaning of the verdict. Did the jury by their verdict really mean to say that the testator was of sound mind and free from undue influence at the time he executed the codicil? To answer this question we must look both to the verdict and to the instructions given by the trial court.

To the jury, the instructions, whether good or bad, are the whole law of the case, and if disregarded their verdict will be set aside, though it may be correct and the instructions erroneous. Lynch v. Sneed Architectural Iron Works, 132 Ky. 241; Yellow Poplar Lumber Co. v. Bartley, 164 Ky. 763; Barney v. Jolly Hoop Co., 172 Ky. 103; Krieger v. Standard Printing Co., 191 Ky. 552.

On the other hand, if the verdict is responsive to the instructions it must be construed in their light. To deny this would be to render the verdict meaningless. Proceeding on this assumption it will be observed that by the fifth instruction the jury were authorized to find all of both papers to be or not to be the testator's will; or they could find all of either paper to be his will and at the same time find all of the other paper not to be his will. But they were not permitted to separate either paper into its constituent parts and to find for or against any particular part thereof. There were two parts of the codicil. One a ratification of the original instrument, the other a devise to Miss Metz, but the jury were not authorized to seggregate them. In this particular the instruction was clearly erroneous.

In finding for the codicil the jury were bound to believe that the testator had sufficient mental capacity to make a will on July 16th. It is admitted that his mentality was weaker then than it was on June 30th; hence we must conclude that they did not think he was of unsound mind on either date.

If they so believed, when they found against the original instrument, they must necessarily have believed that *its* execution was procured by undue influence. By a parity of reasoning if they considered the ratification clause of the codicil at all they must have believed that such influence continued to exist and operated in pro-

curing such ratification just a few days afterward and at a time when he was weaker, both mentally and physically, and more susceptible to such influence. If such was their verdict it was authorized by the instructions and expressed in the way pointed out by them.

But under the instructions the original instrument was not affected by the paragraph of ratification in the codicil, and the jury were not required to consider it. The reasonable probability is that they did not. If not, neither this court nor any other tribunal can deny to them under the law as given to them the right to ignore such ratification or undertake to say what their verdict would have been if that point had been considered.

Certainly there is no reason for holding that the jurors stultified themselves by finding against the will and at the same time finding that it was legally ratified. Nor are we authorized from this record to intimate that the jury were making a will for testator. The most that can be said against it, is that it is an ambiguous verdict based on an erroneous instruction.

It is intimated that when considered with the other instructions the error in the fifth instruction is cured. This contention is unsound. The only other instruction in which reference is made to the matter criticised is instruction No. 1. It refers to each paper as a unit without any separation into their constituent parts. Certainly this does not aid the fifth instruction.

Taft v. Stearns, 125 N. E. 570, relied on by appellants, does not conflict with these views, as the procedure in that case was entirely different. There the jury did not return a general verdict but answered certain categorical questions by saying that the original instrument was procured by undue influence, and that no such undue influence existed at the time the codicil was executed. There was no ambiguity in either questions or answers nor any doubt as to the meaning of either, hence the court had no difficulty in applying the elementary principles above enunciated to the findings of fact thus ascertained.

It follows that under the procedure adopted by the trial court and under the instructions given in this case, propounders are not entitled on this verdict to a judgment probating the entire instrument as the will of C. L. Harding. However, they are entitled to a trial before a properly instructed jury.

Under the peculiar state of case here presented this has not been given them and the case must be reversed. But this will not affect the judgment upholding the devise to Miss Metz, as no appeal is prosecuted from it. Randolph v. Lampkin, 90 Ky. 551; Hildreth v. Hildreth, 153 Ky. 599.

In view of this fact and there being no other devise in the codicil, the instructions may be simplified by omitting instruction No. 1, and in lieu thereof telling the jury that the devise to Miss Metz is not in contest and should not be considered by them; and in a second, substantially instructing them that the paper in contest dated June 30, 1920, was republished by the codicil of date July 16, 1920, and that they should find it to be the last will and testament of C. L. Harding unless they believe from the evidence that said C. L. Harding was of unsound mind at both said dates, or that the execution of both papers was procured by undue influence. The converse of this may be given in a third instruction, and former instruction No. 5 should be made to conform to above views.

Instruction No. 3, given on the former trial and quoted above, is also erroneous. To render undue influence effective it must be present and operative on the mind of the deceased at the time of the execution of the papers in contest, and this idea should be incorporated in the instruction defining that term.

There is no criticism of the other instructions.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.