## Birch v. Jefferson County Court et al.

(Decided June 10, 1932.)

M. JOSEPH SCHMITT for appellant.

WOODWARD, HAMILTON & HOBSON and OLDHAM CLARKE, for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Val Lester, a resident of Jefferson county, died on August 5, 1930. His sole heir at law was a son, Theodore Lester, who had been adjudged incompetent and was confined in a private sanitarium. A paper dated January 14, 1930, purporting to be the will of Val Lester, was offered for probate in the Jefferson county court. The body of the instrument was typewritten and the paper was signed by the maker. Just to the left of his signature are the signatures of Edward A. Greenaway and Susie E. Thompson. There is no attestation clause. In clause 2 of the paper $500 is bequeathed to the decedent's son, Theodore Lester, to be held in trust for him and, after a small bequest to each of three brothers, the residue of the decedent's estate is devised to his sister, Mrs. Elizabeth Birch, who is appointed executrix. The county court refused to probate the paper on the ground that it had not been executed in accordance with the statutory requirements, and from the judgment rejecting it an appeal was prosecuted to the Jefferson circuit court. The case was submitted on the pleadings and an agreed statement of facts, and the circuit court adjudged that the

paper was not the last will of Val Lester, and from that judgment Mrs. Elizabeth Birch has appealed.

The agreed facts are substantially these: The paper is typewritten and was prepared by a lawyer at the request of Val Lester and was delivered by the lawyer to Charles C. Birch, husband of Elizabeth Birch. Birch delivered it to Lester, who signed it in his presence and requested that he take it to Edward Greenaway and Susie E. Thompson and have them sign it as witnesses. Birch took it to the home of Edward Greenaway and Susie E. Thompson, who is Greenaway's mother, and asked them to sign it. They signed the paper in the presence of each other and in the presence of Birch, but not in the presence of Lester. Birch returned the paper to Lester, and on the next day Lester thanked Greenaway in the presence of Birch for having signed the paper as his will. Mrs. Thompson never saw or had any communication with Lester after she signed the paper.

Section 4828 of the Kentucky Statutes provides the manner in which a paper must be executed in order to constitute a valid will. That section reads:

"No will shall be valid unless it is in writing with the name of the testator subscribed thereto by himself or by some other person in his presence and by his direction; and moreover, if not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

It will be noted that the statute prescribes the following requirements before a will not wholly written by the testator shall be valid: (1) It must be signed by the testator; (2) it must be acknowledged by him in the presence of at least two credible witness; (3) these witnesses must subscribe the will with their names in the presence of the testator. Whether the paper is signed by the testator in the presence of two witnesses or is acknowledged by him as his will in the presence of two witnesses, these witnesses must subscribe their names in the presence of the testator. One who does not sign the paper is not a witness within the meaning of the statute.

The cases of Limbach v. Bolin, 169 Ky. 204, 183 S. W. 495, L. R. A. 1916D, 1059, and Catlett v. Satterfield, 199

Ky. 617, 251 S. W. 659, 662, are conclusive of the question here involved. In the Limbach case the testator, before he signed his will, requested one Jagoe to witness it as his will. After Jagoe signed his name to the paper, the testator took it to one Robertson and requested him to witness it as his will. In the presence of the last witness the testator signed his name to the paper. The testator never acknowledged the will in the presence of the witness Jagoe after he signed it. It was held that the paper had not been executed before two witnesses in accordance with the statute and should not be admitted to probate as the will of the maker.

In the Catlett case the instrument was signed by two witnesses but, according to the admitted facts, it was never subscribed or attested by one of the witnesses in the presence of the testatrix, though he later informed her that he had signed her will and put it in his safe in accordance with her request communicated to him by the other subscribing witness. In the course of the opinion it was said:

> "The statute does not make it essential that the testator's signature be made to the will in the presence of the witnesses, but, if not signed in their presence, it must be acknowledged by the testator in their presence. Nor is it essential under the statute that the attesting witnesses sign their names to the will, as such, in the presence of each other, but both must attest it in the presence of the testator."

It is contended that Val Lester substantially ratified the alleged will in the presence of Edward Greenaway, one of the attesting witnesses, and Charles C. Birch. Birch did not sign the will as a witness, however, and he was not a witness within the meaning of the statute which requires that the witnesses before whom the ackowledgment of the will is made shall subscribe the will with their names in the presence of the testator. It is admitted that Susie E. Thompson did not sign the paper in Lester's presence and that the alleged will was never acknowledged in her presence.

It follows that an essential requirement of the statute was omitted in the execution of the paper and that it should not be admitted to probate as the will of Val Lester.

Judgment affirmed.