## Pirtle v. Kirkpatrick et al.

June 13, 1944.

L. R. Smith for appellant.
Robert L. Geveden and R. O. Willingham for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

On June 16, 1920, Mrs. Nellie Kirkpatrick signed and acknowledged a purported will before a notary public. The purported will devised all of her property, including a house and lot in the town of Milburn, money in bank and stocks and bonds, to her brother, Richard Kirkpatrick, in fee simple. The paper, being neither holographic nor attested by two witnesses, was not valid as a will.

On January 18, 1940, the following codicil was written immediately below the will, on the same paper, and attested by two witnesses:

"Codicil to above will:

"Personally appeared before me a Notary Public Nellie Kirkpatrick and states that she desires that the above will remain in the same; that all the property she may have at her death go to R. Kirkpatrick but at his death, that what he may have that came by her may go to Rose Mary and Nancy Carlton Cummins.

"Witness her hand this Jan. 18, 1940.
"Nellie Kirkpatrick"

Richard Kirkpatrick conveyed the house and lot, together with a fifteen-acre tract of land which he had not acquired by the will, to the appellant, who paid $1000 of the consideration in cash and executed a lien note for $1000. Shortly thereafter the appellant, having learned of the state of the title to the house and lot, brought this action against Richard Kirkpatrick to rescind the transaction and to recover the cash consideration and cancel the note, alleging that his grantor had transferred no title to him. The two infants, Rose Mary Cummins and Nancy Carlton Cummins, were made parties by amended petition and a declaration of rights was sought. The mother and statutory guardian of the infants answered, making a disclaimer of title in their behalf. A guardian ad litem appointed for the infants made no affirmative defense. The cause being submitted on the pleadings, the Chancellor adjudged that the appellant had good fee simple title to the house and lot and dismissed the petition.

The appellant, while willing to stand by his bargain, filed the action to protect his title. On this appeal he

contends that his grantor, Richard Kirkpatrick, took only a life estate under the will.

The due execution of the codicil, attested by two witnesses, and on the same page as the purported will, had the effect of giving operation to the whole as one will. Beall v. Cunningham, 42 Ky. 390, 3 B. Mon. 390, 39 Am. Dec. 469; Sharp v. Wallace, 83 Ky. 584; Farmers' Bank & Trust Co. v. Harding, 209 Ky. 3, 272 S. W. 3.

The remaining question is whether Richard Kirkpatrick took a life estate or a fee simple under the will. In Ewering v. Ewering, 199 Ky. 450, 251 S. W. 645, 647, we said:

"* * * When, therefore, a will devises or bequeaths property to one absolutely, and in a subsequent clause all of the same property is disposed of to others after the death of the first taker, the latter will be deemed as having only a life estate in it; *but, if the limiting clause purports only to dispose of that portion of the property which the first taker does not consume or dispose of, and therefore operates only on some remaining portion of it, it will be given no effect, * * *"*

This rule has been reaffirmed in many subsequent cases. See Froage v. Fisher, 291 Ky. 655, 165 S. W. 2d 358; Dudley v. Wallingford, 292 Ky. 390, 166 S. W. 2d 857, and cases therein cited.

It is equally well settled that where there is a devise of a life estate with power to sell and convey and encroach on the corpus, a devise over of the unconsumed corpus is valid. It is only where unlimited power of disposition, both by will and intervivos transaction, is conferred by the devise that a devise over is invalid. Harlow v. Riley's Ex'r, 282 Ky. 437, 138 S. W. 2d 946.

In the will before us the original defective will devises an absolute fee simple, with unlimited power of disposition. This devise was activated by the codicil, which contained an express reaffirmation of the will. While there is considerable doubt as to what the testator intended by the codicil, we have reached the conclusion that it was not her intention to limit the devise in the original will to a life estate with power to encroach on the corpus but that, on the contrary, it was her intention to confer absolute power of disposition, with the proviso that whatever portion of her estate her brother might have left at his death she desired to go to Rose Mary

788

and Nancy Carlton Cummins. This being true, the devise over of what her brother did not consume or dispose of was ineffective, in accord with the authorities above cited.

The Chancellor correctly adjudged that Richard Kirkpatrick took fee simple title to the house and lot by the will. The petition was therefore properly dismissed.

Affirmed.