### Scott v. Gastright.

May 23, 1947.

Rehearing denied October 7, 1947.

Ray L. Murphy, Judge.

Lorimer W. Scott for appellant.

Morris Weintraub for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is an appeal from a judgment of the Campbell Circuit Court upholding an order of the County Court admitting to probate two instruments of writing as the

last will and testament of a Mrs. Gastright. The appeal is taken by the statutory guardian of Mrs. Gastright's minor children.

The facts are stipulated. In April 1943, Mrs. Gastright called upon her attorney, Mr. Louis R. Schear in Cincinnati, and requested that he prepare a will for her. After receiving instructions, Mr. Schear dictated, in the presence of Mrs. Gastright, a form of will. Thereafter the lady left the attorney's office and never returned to execute this instrument. Apparently she never saw the intended will after it was typewritten by the attorney's stenographer.

This instrument was in the customary form and consisted of a page and one-half of single spaced typewriting. Except for an interest in an Ohio farm which was left to her children, her entire estate was devised and bequeathed to her husband, the appellee herein. The instrument had the usual attestation clause and blank spaces for the signatures of subscribing witnesses, but as above stated, it was never executed by Mrs. Gastright.

On August 26, 1944, just prior to going to the hospital, Mrs. Gastright wrote in pencil on the back of a small envelope the following:

"The will I dictated to L. Schear Att'y, but did not sign is my last will and as I wish it.

8/26/44    A. Frances Gastright"

Mrs. Gastright died that same day. The writing above quoted is wholly in her handwriting.

It is to be noted that this holographic memorandum makes no disposition of any property except in so far as it attempts to incorporate the provisions of the typewritten instrument drawn up some sixteen months before. Therefore, unless both instruments jointly constitute a valid will, the holographic writing cannot be probated as the last will and testament of Mrs. Gastright. Section 394.040 of our Statutes provides: "No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be

made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator.''

Under this Statute a will to be valid must have the name of the testator subscribed thereto and must be either, (1) acknowledged in the presence of, and subscribed by two credible witnesses, or (2) wholly written by the testator.

Neither of the two instruments which are sought to be probated as a will in this case was acknowledged before, or signed by, subscribing witnesses. On the other hand, the two instruments were not *wholly* written by Mrs. Gastright. Such being the case, these instruments taken together do not fulfil the requirements of the statute above quoted.

This question scarcely seems to be an open one in this state, in view of our decisions in the cases of Sharp, etc., v. Wallace, etc., 83 Ky. 584, 7 Ky. Law Rep. 558, and Blankenship et al. v. Blankenship et al., 276 Ky. 707, 124 S. W. 2d 1060.

In the Sharp case, an instrument not wholly written by the potential testatrix was subscribed by her but not acknowledged in the presence of attesting witnesses. Subsequently she wrote on the same sheet of paper and subscribed her name to the following: ''Codicil, August 31, 1870. After examining this will, I wish to add in my own handwriting the following codicil.'' She proceeded to make certain dispositions of her property.

It was conceded that the codicil sufficiently identified the preceding writing and the execution thereof was intended to make the entire instrument a will. The Court decided, however, that the entire instrument had not been executed in conformity with the statute and could not be admitted to probate. The Court stated, (83 Ky. at page 588):

''The object of the statute providing the manner in which a will shall be executed to render it valid is to insure identity and prevent imposition and fraud. And though a substantial compliance with it is all that is required, no court is authorized to admit to probate an instrument as the last will of a deceased person in vio-

lation of its express language, however well founded may be the belief it was intended by him as his will."

"Taking the codicil and preceding unfinished instrument together as but one will, as it seems to us we are bound to do, it was not executed in either of the modes required by the statute, not having been wholly written by the testatrix, nor subscribed or acknowledged by her in the presence of attesting witnesses."

In the Blankenship case, the potential testatrix had signed an instrument which was mostly typewritten. It had been prepared for her use and contained many blanks. The person signing this instrument had in her own handwriting interlined and changed the typewritten provisions and had filled in the blanks. It was held that this instrument could not be admitted to probate as a will because the handwritten portions of the instrument were not complete in themselves, and since it was necessary to include some of the typewritten language, the paper was not "wholly" written by the person intending to make a will.

Appellees would have us ignore the above two decisions on the basis of the well recognized principle of incorporation by reference. We think this principle might well be applied here if the instrument referred to in Mrs. Gastright's handwritten memorandum of August 24, 1944 had been wholly in her handwriting, though not signed; or if the handwritten memorandum had been signed and acknowledged in the presence of two subscribing witnesses. We cannot, however, carry the doctrine so far as to nullify the provision of our statute which requires a holographic will to be wholly written by the testator. If appellee's theory is sound, it would authorize a person to validate a forty page printed, or typewritten, instrument as a will by simply writing at the end thereof, "The above is my will" and signing such statement.

The statute prescribing the manner of executing a will was not only designed to lessen the opportunity for imposition and fraud, but was also designed to insure that a testator would be clearly cognizant of the testamentary dispositions he was then making. The requirement that the will be wholly written by the testator would make certain that he was expressing what he in-

tended. On the other hand, the requirement of attesting witnesses would attach to the testamentary act a certain formality which presumably would insure that the testator had read and understood the writing of another.

It is obvious in this case that if the typewritten instrument prepared by Mrs. Gastright's lawyer some sixteen months before, which she had never even seen, could be probated as her will, all of the safeguards provided by the statute are missing.

We have determined that neither of the two instruments involved in this appeal, or both of them together, should be probated as the last will and testament of Mrs. Gastright, and the judgment of the. Campbell Circuit Court is reversed for proceedings consistent herewith.