**Stephen P. SMITH, Individually and as Designated Executor of the Estate of Floyd O. Neikirk, and Lucille C. Norman, Appellants,**

v.

**Fred B. NEIKIRK (also known as Fred Byron Neikirk), Individually and as Executor of the Estate of Floyd O. Neikirk, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1977.

Cecil F. Dunn, Lexington, Eugene Watson, Irvine, for appellants.

Billy L. Wilson, Irvine, for appellees.

Before WINTERSHEIMER, LESTER and WILHOIT, JJ.

WINTERSHEIMER, Judge.

The Appellants, Stephen P. Smith, individually and as designated executor of the estate of Floyd O. Neikirk, and Lucille C. Norman, filed a statement of appeal from the order of the Estill County Court admitting the will to probate on June 3, 1972. Floyd O. Neikirk died August 21, 1971. A paper purported to be his Last Will and Testament, dated July 20, 1971, was admitted to probate in the Estill County Court on January 28, 1972. The jury trial of the will contest was concluded and a verdict was rendered on February 26, 1974. The trial court overruled the Appellants' motion for a new trial on February 19, 1974, and a notice of appeal was filed on February 28, 1974. On October 8, 1976, the Supreme Court of Kentucky transferred this case to the Court of Appeals. This Court affirms the judgment of the trial court.

The will of July 20, 1971, was executed by the testator while he was a patient at the Veterans Administration Hospital in Lexington, Kentucky. The will is typewritten and signed by the testator, has no attestation clause, but has the signatures of two witnesses and is notarized by a third party. The Appellees introduced testimony of one of the subscribing witnesses and of the notary public.

The questions presented are:

1. Whether the trial court correctly ruled that as a matter of law the instrument offered for probate was properly executed.

2. Whether the designation of an official capacity, such as a notary, for a person signing a will disqualifies that person as a witness to the will under KRS 394.-040.

KRS 394.040 states: "No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two (2) creditable witnesses, who shall subscribe the will with their names in the presence of the testator."

It is well settled that the burden of proving a will is placed upon those who present it. The record of testimony indicates that witness Runk was within the presence of the testator and the other witnesses at all times. The fact that she may have had her back turned at the moment of execution does not disqualify her as a witness. All that is required to be proved by the subscribing witness is the identification of the signature. *Wroblewski v. Yeager,* Ky., 361 S.W.2d 108 (1962). It has been repeatedly held that substantial rather that a literal compliance with the statute (KRS 394.040) will suffice. This Court has also indicated that where the technical requirements for execution of wills have been substantially complied with, the will should be probated. *Miller's Exr. v. Shannon,* Ky., 299 S.W.2d 103 (1957); *Madden v. Cornett,* 290 Ky. 268, 160 S.W.2d 607 (1942); *Rybolt v. Futrell,* 296 Ky. 158, 176 S.W.2d 269 (1943). Testimony presented by Mrs. Bush indicates that she witnessed the testator sign the will, then signed the will as a notary, and returned the will to him. The entire transaction indicates that Mrs. Bush was there to witness the will and to further sign in an official capacity. The fact that she signed as a notary is merely surplusage. As mentioned in the case of *Madden v. Cornett,* supra, "All that was required of this witness was to sign his name, and the fact that he attached more writing to the instrument than was necessary under the statute does not vitiate his signature . . . ."

The instrument complained of in this appeal may leave much to be desired from the point of view of legal drafting. However, it appears that from a complete examination of the record that it reflects the intention of the testator. As mentioned above, substantial compliance with the statute is all that is necessary. The proof is sufficient and therefore the will should be probated. The trial court had a valid legal basis for ruling that as a matter of law the instrument offered for probate was properly executed.

The judgment of the trial court is affirmed.

All concur.