Amy SMITH; Ramona Ann Smith–
Brown; and Bill Smith, Jr.,
Appellants,

v.

Connie SMITH, Appellee.

No. 2010–CA–000823–MR.

Court of Appeals of Kentucky.

July 1, 2011.

Rehearing Denied Aug. 26, 2011.

Otis Doan, Jr., Harlan, KY, for Appellant.

Karen S. Davenport, Harlan, KY, for Appellee.

Before DIXON, STUMBO, and VANMETER, Judges.

*OPINION*

VANMETER, Judge:

To be admitted to probate as a will, a document which is not wholly in the handwriting of a testator must be subscribed by two witnesses. The issue presented in this case is whether a document may be admitted to probate when two persons actually observed the testator subscribing the document, but only one subscribed her name to the document as a witness. We hold that it may not, and we reverse the Harlan Circuit Court's order admitting the document to probate.

## FACTS

The facts in this matter are not complicated. On February 4, 2008, Bill J. Smith attempted to make a will. His wife, Connie V. Smith, and a notary public, Peggy England, were present. Apparently too shaky to write more than a few words, Bill directed Connie to write out the remainder of the document. In the drafted document, Bill left his entire estate to Connie if she survives him. Bill subscribed the document in the presence of both Connie and England, but only England subscribed her name as a witness to Bill's signature. Bill died on November 29, 2008.

After Bill's death, Connie filed a petition in the Harlan District Court to probate the will. The district court denied the petition on the basis that a will not wholly written by the testator requires two witness signa-

tures. KRS[1] 394.040. Although the district court refused to probate the will, the court appointed Connie as administratrix of Bill's estate. Connie then filed an original action in the Harlan Circuit Court pursuant to KRS 394.240(1). The circuit court held that the document was a valid will, finding that the execution of the document substantially complied with KRS 394.040 because it was Bill's only will, he intended to make the devise and he signed it in the presence of two persons. Bill's children, Amy Smith, Ramona Ann Smith–Brown, and Bill Smith, Jr. (Appellants), appeal from the Harlan Circuit Court's order, arguing that the circuit court erred in its application of the doctrine of substantial compliance with KRS 394.040.

## STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Our standard of review on an order of summary judgment is *de novo* in the sense that we owe no deference to the conclusions of the trial court and it is limited to questions of law. *Blevins v. Moran*, 12 S.W.3d 698, 700 (Ky.App.2000).

Initially, this matter was set for a trial before the circuit court, but by agreement, the parties stipulated that the court could render a judgment based on the pleadings and the record. For the purposes of their memorandum in support of judgment, the Appellants did not strenuously object to the factual scenario advanced by Connie in her pleadings as to the circumstances surrounding the execution of Bill's purported will, and the circuit court appears to have accepted as true all of the material allega-

tions in Connie's complaint. We shall do likewise. We are thus only required to decide if the circuit court correctly interpreted the law of the Commonwealth of Kentucky when it granted Connie's motion for judgment on the pleadings. This court reviews issues of law *de novo*. *Hale v. Moore*, 289 S.W.3d 567, 580–81 (Ky.App. 2008).

## ANALYSIS

KRS 394.040 provides the requisites for a valid will:

No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two (2) credible witnesses, who shall subscribe the will with their names in the presence of the testator, and in the presence of each other.

No claim is made that the document is valid as a holographic will; *i.e.*, one that is wholly in the handwriting of the testator and subscribed by him. *See McNeill v. McNeill*, 261 Ky. 240, 243, 87 S.W.2d 367, 369 (1935) (holographic will must be handwritten by testator). Thus, in order for the will to be valid, the statute requires the will to be subscribed by the testator, or the subscription acknowledged by him, "in the presence of at least two (2) credible witnesses, who **shall** subscribe the will with their names in the presence of the testator, and in the presence of each other." KRS 394.040 (emphasis added). In the construction of statutory language, " '[s]hall' is mandatory[.]" KRS 446.010(30).

---

1. Kentucky Revised Statutes.

Kentucky courts have previously addressed the validity of a will that was subscribed by only one witness. In *Rutledge v. Wiggington*, 166 Ky. 421, 422, 179 S.W. 389, 390 (1915), the court held that a non-holographic will that had been attested by only one witness was invalid. Similarly, in *Pirtle v. Kirkpatrick*, 297 Ky. 785, 181 S.W.2d 425 (1944), the court noted that a non-holographic will that had been signed by the testatrix and only acknowledged before a notary public was not valid as a will.

■ Connie argues, however, and the circuit court reasoned, citing *Smith v. Neikirk*, 548 S.W.2d 156 (Ky.App.1977), that the execution of the purported will substantially complied with KRS 394.040 because (i) Bill signed it in the presence of two persons, both of whom testified as to the formalities of executing the document, (ii) he had no other will, and (iii) he intended the devise. We disagree.

■ First, a person's presence at the execution of the document cannot substitute for a signature on the document. In *Birch v. Jefferson County Court*, 244 Ky. 425, 51 S.W.2d 258 (1932), the court discussed the meaning of the "witness" requirement in Ky. Stat. § 4828.[2] In *Birch*, a will had been drafted by a lawyer and then taken by a certain Charles Birch first to the testator, who signed, and next to two other persons who signed as witnesses but not in the presence of the testator. In rejecting the argument that Charles Birch was a "witness" to the execution of the document, the court stated that "these witnesses must subscribe their names in the presence of the testator. **One who does not sign the paper is not a witness within the meaning of the statute.**" 244 Ky. at 426, 51 S.W.2d at 259 (emphasis added). The court held that "an essential requirement of the statute was omitted in the execution of the paper and that it should not be admitted to probate[.]" 244 Ky. at 427, 51 S.W.2d at 260.[3] *See also Weiss v. Hanscom*, 305 Ky. 687, 690, 205 S.W.2d 485, 487 (1947) (holding that "subscribe means to give consent to something written by signing").

Second, *Smith v. Neikirk*, cited by Connie and the circuit court, is distinguishable from the instant case. As recited by this court, the facts were that "[t]he will is typewritten and signed by the testator, has no attestation clause, but has the signatures of two witnesses and is notarized by a third party." 548 S.W.2d at 157. The contention was that one of the witnesses may have had her back to the testator at the time of execution. This court held that

---

2. Ky. Stat. § 4828 was the prior codification of KRS 394.040. The two statutes differ from each other only in respect that the current KRS 394.040 requires the witnesses to sign in the presence of the testator **and** of each other.

3. Connie argues that testimony of the formalities of execution of the document may be supplied by individuals who do not subscribe their names to the document, citing *White v. Brennan's Adm'r*, 307 Ky. 776, 212 S.W.2d 299 (1948) and *Thompson v. Hardy*, 43 S.W.3d 281 (Ky.App.2000). Both cases, however, involve attempts to probate and prove lost wills. One of the elements of proof of a lost will is due execution of the document. *White*, 307 Ky. at 777, 212 S.W.2d at 300. In

*White*, the court held the proof was sufficiently supplied by the drafting lawyer who testified that he prepared the will, that the testatrix signed in the presence of at least two witnesses, perhaps three, and that the witnesses had all subscribed their names in the presence of the testatrix and of each other. The lawyer was, however, unable to identify the witnesses or to state positively whether he had been a witness. In *Thompson*, the court held the proof was insufficient to establish due execution of the document since no one could testify as to "the formal will-signing ceremony contemplated by the statute." 43 S.W.3d at 286. These cases are inapplicable to the instant case.

the execution of the will in question substantially complied with the technical formalities of KRS 394.040, and that the notary's designation of her official capacity was mere surplusage. *Id.* at 158. In retrospect, reliance on substantial compliance in *Smith* seems somewhat unnecessary, since the will in question had three witnesses instead of two. In any event, the factual circumstances of the execution of the will in *Smith* differ markedly from those in the instant case.

The circuit court cited only *Smith* in support of its ruling, and its order probating a non-holographic document to which only one witness subscribed her name is an unprecedented extension of substantial compliance. In *Rybolt v. Futrell,* 296 Ky. 158, 176 S.W.2d 269 (1943), the court discussed the doctrine of substantial compliance as applies to KRS 394.040, stating that

> a literal compliance with this section is not necessary and that a substantial compliance therewith will suffice provided there is no violation of the express language of the statute. In *Birch v. Jefferson County Court,* 244 Ky. 425, 51 S.W.2d 258, it was written that the will must be signed by the testator, or acknowledged by him, in the presence of two witnesses who must subscribe their names in the presence of testator, but the statute does not require that the will be both signed and acknowledged by the testator in the presence of the two witnesses. The statute is complied with if he signs it in their presence or if he acknowledges it in their presence; **but in either event the two witnesses must subscribe their names in the presence of the testator.**

296 Ky. at 159–60, 176 S.W.2d at 270 (emphasis added); *see also Weiss,* 305 Ky. at 689, 205 S.W.2d at 486 (noting that while substantial compliance with KRS 394.040 "will be sufficient to uphold the validity of the execution of a will[,] . . . procedure which violates a mandatory provision cannot be deemed to be in substantial compliance"). Our view is that permitting the probate of a non-holographic document to which only one person has subscribed her name as witness is a violation of the express language of the statute, KRS 394.040, and the doctrine of substantial compliance is inapplicable in this situation. Connie has cited us to, and we have found, no Kentucky decision that has upheld the validity of a non-holographic will subscribed by only one witness.

Our review, furthermore, of the cases that recite substantial compliance with KRS 394.040 is that courts invoke the doctrine when a purported defect exists in the name as subscribed by the testator or the witnesses, such as an illiterate person who can only make a mark, or a witness appends a designation of an official capacity to his or her name. *See, e.g., Rybolt,* 296 Ky. 158, 176 S.W.2d 269 (upholding probate of will on which the testator made his mark and his wife wrote his name); *Madden v. Cornett,* 290 Ky. 268, 160 S.W.2d 607 (1942) (permitting probate of will as to which one witness had signed in his official capacity as deputy clerk); *Garnett v. Foston,* 122 Ky. 195, 91 S.W. 668 (1906) (permitting probate of will as to which illiterate testator had affixed his mark and another person had written testator's name adjacent thereto); *Upchurch v. Upchurch,* 55 Ky. (16 B.Mon.) 102, 113 (1855) (applying substantial compliance to execution of will as to which two illiterate witnesses directed a third person to subscribe their names to the will in the presence of the testator).

Finally, the facts that no other wills exist and that the purported will may accurately reflect Bill's intentions cannot cure this document's statutory defect. As not-

ed by the court in *Miller's Ex'r v. Shannon*, 299 S.W.2d 103, 105 (Ky.1957),

> It is elementary that the power to dispose of one's property by will and the manner in which a will may be executed are statutory. It must be conceded the question before us is purely of a technical nature, yet we must remember that the whole subject of the execution and authentication of a will is purely technical. However, these technicalities are those which the Legislature has the right to impose and has imposed upon the makers of wills.

In *Miller*, the testatrix had written by hand an eleven-page document, had procured the signature of two witnesses, but had neglected to subscribe the document herself as required by KRS 394.040. Instead, she had placed the unsigned document in a sealed envelope, and signed the envelope. Notwithstanding the testatrix's clear intention, as recognized by the court, to dispose of her estate by that document, the court affirmed the trial court's judgment that the document was not duly executed and therefore not the will of the testatrix. *See also Scott v. Gastright*, 305 Ky. 340, 342–43, 204 S.W.2d 367, 368 (1947) (quoting *Sharp v. Wallace*, 83 Ky. 584, 588 (1886)) (stating that although " 'substantial compliance with [the statute] is all that is required, no court is authorized to admit to probate an instrument as the last will . . . in violation of its express language, however well founded may be the belief it was intended . . . as his will' ").

## CONCLUSION

The execution of the document purporting to be the will of Bill J. Smith, executed on February 4, 2008, bearing the signature of the testator and of only one witness does not substantially comply with KRS 394.040. The Harlan Circuit Court erred in so concluding. The Order and Judgment of the Harlan Circuit Court probating that document is reversed, and this matter is remanded to that court with instructions to dismiss the complaint of Connie V. Smith.

ALL CONCUR.