RENDERED: MAY 13, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0674-MR

VIRGINIA L. JONES,
INDIVIDUALLY AND AS THE
EXECUTRIX OF THE ESTATE OF
HAROLD V. JONES                                          APPELLANTS


                    APPEAL FROM MCCREARY CIRCUIT COURT
v.                  HONORABLE PAUL K. WINCHESTER, JUDGE
                         ACTION NO. 14-CI-00067


TERESA CHAMBERS; GEORGE
JONES; LINDA JONES-HILL; AND
TIMOTHY JONES                                            APPELLEES

AND


NO. 2019-CA-0733-MR

VIRGINIA L. JONES,
INDIVIDUALLY AND AS THE
EXECUTRIX OF THE ESTATE OF
HAROLD V. JONES                                          APPELLANTS


                    APPEAL FROM MCCREARY CIRCUIT COURT
v.                  HONORABLE PAUL K. WINCHESTER, JUDGE
                         ACTION NO. 14-CI-00067

TERESA CHAMBERS; GEORGE
JONES; LINDA JONES-HILL; AND
TIMOTHY JONES                                                    APPELLEES

AND


NO. 2020-CA-1120-MR


VIRGINIA L. JONES,
INDIVIDUALLY AND AS THE
EXECUTRIX OF THE ESTATE OF
HAROLD V. JONES                                                  APPELLANTS


                    APPEAL FROM MCCREARY CIRCUIT COURT
v.              HONORABLE PAUL K. WINCHESTER, JUDGE
                        ACTION NO. 14-CI-00067


GEORGE JONES; LINDA JONES-
HILL; TERESA CHAMBERS; AND
TIMOTHY JONES                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Virginia L. Jones, individually and as executrix of the estate

of Harold V. Jones, appeals from the judgment rendered after a jury verdict as well

as subsequently entered orders over a will contest with her step-children. We affirm all three appeals.

Virginia and Harold married in 1997. It was a second marriage for each of them. Harold had four children with his first wife, and Virginia had a son from her previous marriage. Virginia was a teacher at Pine Knot Elementary School until her retirement. Harold owned multiple businesses including NAPA Auto Parts Stores in Kentucky (namely, Pine Knot, London, Corbin, and Williamsburg) and Tennessee (Oneida, Jellico, and Helenwood), as well as rental income properties. The couple remained married until Harold's death in June 2012.

In June 2005, while in Tennessee, Virginia and Harold purchased from Office Depot forms for their last wills and testaments. The couple filled out the forms, leaving the entirety of their estates to each other, and signed them while in Tennessee. When they returned to Kentucky, they asked two family members (Harold's sister Patricia Roy and his son Timothy) to sign Harold's document. Both of their signatures were obtained at the NAPA Store in Pine Knot on a later date in 2005. Harold's daughter Linda Jones-Hill signed Harold's will in Daytona, Florida, in February 2006. The will was admitted to probate in July 2012. Virginia was appointed as executrix.

In April 2014, Harold's four children filed suit against Virginia, individually and as executrix of their father's estate, to set aside the probate of Harold's 2005 will.[1] In support of their complaint Harold's children claimed that the will was statutorily invalid pursuant to Kentucky Revised Statute (KRS) 394.040.

The parties engaged in discovery over the next couple of years, with five depositions taken. In late 2016, the children moved for summary judgment and sought to set aside the will and asked that Virginia only receive her statutory share. (KRS 394.210(2)). Virginia responded, arguing that strict compliance with the statutory requirements (KRS 394.040) was not required. Virginia later moved for summary judgment as well. Both motions for summary judgment were denied, and trial was held in November 2018.[2] The testimony of five witnesses was heard: Linda Jones-Hill, Patricia Roy, and Timothy Jones testified for the children; Virginia Jones and Rebecca Jones testified for Virginia. The jury returned a verdict in favor of the children, and Virginia, after hiring new counsel and unsuccessfully pursuing post-judgment relief in the circuit court, filed these appeals.

---

[1] Virginia's son was originally a named party, but he was later dismissed and is not a party to these appeals.

[2] Harold also had executed a holographic will in 1991, but the parties stipulated that it was not germane to the matter under litigation. Thus, failure of Harold's 2005 will meant that the estate would be distributed as though Harold had died intestate.

Virginia first argues that substantial compliance is a matter of law and not fact, and therefore the circuit court erred in denying her motion for directed verdict and judgment notwithstanding the verdict. We begin by repeating the applicable statute, KRS 394.040 ("Requisites of a valid will"), which states:

> No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, **the subscription shall be made or the will acknowledged by him in the presence of at least two (2) credible witnesses, who shall subscribe the will with their names in the presence of the testator, and in the presence of each other.**

(Emphasis added.)

> We [next] note the highly deferential standard of review we apply in evaluating jury verdicts for sufficiency of the evidence:

> > Upon review of the evidence supporting a judgment entered upon a jury verdict, the role of an appellate court is limited to determining whether the trial court erred in failing to grant the motion for directed verdict. All evidence which favors the prevailing party must be taken as true and the reviewing court is not at liberty to determine credibility or the weight which should be given to the evidence, these being functions reserved to the trier of fact. The prevailing party is entitled to all reasonable inferences which may be drawn from the evidence. Upon completion of such an evidentiary review, the appellate court must determine whether the verdict is "'palpably

-5-

or flagrantly' against the evidence so as 'to indicate that it was reached as a result of passion or prejudice.'"

*Getty v. Getty*, 581 S.W.3d 548, 553-54 (Ky. 2019) (citing *Lewis v. Bledsoe Surface Mining Co.*, 798 S.W.2d 459, 461-62 (Ky. 1990) (citations omitted)). *See also Exantus v. Commonwealth*, 612 S.W.3d 871, 887 (Ky. 2020).

Turning to the evidence at trial, the undisputed testimony was that Harold did not sign the will in the presence of Patricia Roy or Timothy Jones.[3] Virginia herself stated that she and Harold had completed the documents while in Tennessee, not in Kentucky. Virginia also admitted, on cross-examination, that she did not see Harold sign his document at either location.

"The statute is complied with if [the testator] signs [the will] in their presence **or if he acknowledges it in their presence**; but in either event the two witnesses must subscribe their names in the presence of the testator." *Smith v. Smith*, 348 S.W.3d 63, 66 (Ky. App. 2011) (emphasis added) (citation omitted). The question therefore is whether Patricia or Timothy had been made aware that the document they were signing was Harold's will. Each testified that this

---

[3] Because a third witness is not required by statute, we need not consider the validity of Linda Jones-Hill's signature which was acquired out of state and seven months after the others had signed. Were we to do so, we would note that her signature was obviously invalid for not having been obtained in the presence of the other witness(es). KRS 394.040. Also, we do not consider this document as self-authenticating because of the discrepancy in testimony over whether the notary (Rebecca Jones) was present on the day Patricia Roy and Timothy Jones signed. Furthermore, Jones's seal does not appear on the document. KRS 394.225. *See also Thompson v. Hardy*, 43 S.W.3d 281, 286 (Ky. App. 2000).

information had not been supplied to them, that they were merely handed a page to sign without explanation. Although they were present in the store at the same time, the room was large, and they did not sign in the presence of each other or know what the other had signed. The claim of substantial compliance was not demonstrated, and the jury's verdict remains intact. *Id*. Therefore, given our standard of review, we cannot state that the circuit court erred in denying the motion for directed verdict or the motion for judgment notwithstanding the verdict. *Getty*, 581 S.W.3d at 554.

Virginia next contends that the circuit court erred in limiting her proof regarding motive and bias and the testator's intentions. In this vein, she argues that, because Harold's estate was sizable, the children had a motive to negate the will.[4] She emphasizes the duration of the marriage and states that certain properties had been distributed prior to Harold's death. We have examined the trial record, including the arguments made by trial counsel on this issue at the bench, and find no error. Prior to trial, the parties had agreed to limit the issue to substantial statutory compliance. During cross-examination of Timothy, trial counsel was granted permission by the circuit court to pursue questioning whether it was Timothy's true motive for contesting the will so that he could inherit. This

---

[4] We note the obvious here: Virginia, as sole heir under the contested document, has a greater motive than the children to uphold its validity.

was what was requested by counsel, and the circuit court granted that request. We fail to be convinced that further action was required by the circuit court.

Virginia's next assertion of error is that the circuit court should have granted her motion for new trial pursuant to Kentucky Rule of Civil Procedure (CR) 59 based upon her claim of erroneous jury instructions. The record is clear in this regard: In its Judgment Upon Jury Trial, the circuit court plainly states that the instructions and interrogatory given the jury were "identical to the proposed jury instructions tendered by [Virginia]." Accordingly, we deem this issue waived and decline to engage in further discussion of it.

Turning to Virginia's next assertion of error that the circuit court should have granted her CR 60 motion for new trial, we again find no error. In order to be entitled to CR 60.02 relief, it was incumbent upon Virginia to demonstrate "some significant defect in the trial proceedings or evidence at trial, . . . such that 'a substantial miscarriage of justice will result from the effect of the final judgment.'" *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985) (quoting *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966)). *See also Richardson v. Head*, 236 S.W.3d 17, 20 (Ky. App. 2007). Virginia failed to meet that burden. She concedes that the "newly discovered evidence" was only new to her current counsel. Both Virginia and her trial counsel were aware of the additional pages to the will. In fact, Virginia maintained them in her possession

since she and Harold signed their wills.  The circuit court properly denied the CR 60.02 motion.  *Richardson*, 236 S.W.3d at 22.

The final matter for our consideration is whether the circuit court erred in granting the children's CR 59 motion which vacated an earlier order that removed five depositions from the record on appeal.  (Appeal No. 2020-CA-1120-MR.)  Because we did not consider the deposition testimony in our decision (other than the use of same for impeachment purposes during cross-examination in the trial), we deem this issue moot and likewise find no need to rule on Virginia's motion to strike portions of the appellees' brief.

The judgment of the McCreary Circuit Court is affirmed in Nos. 2019-CA-0674-MR, 2019-CA-0733-MR, and 2020-CA-1120-MR.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Marcia A. Smith
Corbin, Kentucky

BRIEF FOR APPELLEES
IN NOS. 2019-CA-0674-MR and -2019-CA-0733-MR:

Jane R. Butcher
Williamsburg, Kentucky

BRIEF FOR APPELLEES
IN NO. 2020-CA-1120-MR:

Travis A. Rossman
Barbourville, Kentucky